UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ALAF GETTER,

        Plaintiff,                        Case No. 2:12-cv-415

v.                                                      Honorable R. Allan Edgar

JEFF WOODS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Alaf Getter filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was threatened by Muslim inmates on more than one occasion after he converted from Islam to Judaism. Plaintiff claims that Defendants continuously refused his requests for protection and subjected him to misconduct tickets, harassment and retaliation when he refused to return to the general population out of a fear for his own safety. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that he has now been transferred to a level IV facility because of his continued requests for protection. Plaintiff states that he is a true level II security and that he is in more danger at a level IV prison because the inmates are more prone to violence.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not

granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

>   1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
>   2. Whether the movant has shown irreparable injury.
>
>   3. Whether the preliminary injunction could harm third parties.
>
>   4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

As noted above, Plaintiff alleges that he has been transferred to a higher security level facility, which contains more dangerous inmates. Such a conclusory claim fails to establish that Plaintiff will suffer irreparable harm absent injunctive relief. Because Plaintiff has failed to meet

the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2013