UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. GETTER,

    Plaintiff,

v.                                                Case No. 2:12-cv-415
                                                 HON. R. ALLAN EDGAR

JEFF WOODS, et al.,

    Defendants.
_____/

## MEMORANDUM AND ORDER

Plaintiff Michael A. Getter, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this federal civil rights action under 42 U.S.C. § 1983. He is imprisoned at the Chippewa Correctional Facility (CCF).

In his *pro se* complaint, plaintiff Getter requests that the Court issue immediate injunctive relief. [Court Doc. 1, p. 5]. Getter also submits his supporting "affidavit" or declaration under penalty of perjury, 28 U.S.C. § 1746. [Court Doc. 5]. The request for immediate injunctive relief is liberally construed and treated as a motion for temporary restraining order and preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff Getter claims that he fears for his personal safety at CCF. It is alleged that Getter has been threatened by Muslim prisoners in CCF after he changed his religious preference from Islam to Judaism. This bare allegation is exceedingly vague and lacking in details. Getter does not explain the specific nature, dates, and context of any such alleged threats.

Getter also complains that MDOC has improperly transferred him to CCF and placed him

1

with security level IV prisoners who are dangerous and more prone to violence. Getter contends that he should be classified by MDOC as a security level II prisoner and transferred to a different correctional facility where he can be housed with less dangerous security level II inmates. This conclusory claim that Getter is being exposed to security level IV prisoners at CCF who are generally more dangerous and prone to violence compared to security level II prisoners fails to establish that Getter is actually in imminent danger of physical harm or injury at CCF.

It is further claimed that the defendants have denied or refused Getter's requests for protection from dangerous prisoners at CCF and have subjected Getter to misconduct tickets, harassment and retaliation when Getter refused to obey orders to return to the general prisoner population at CCF. Plaintiff Getter wants this Court to issue a temporary restraining order and/or a preliminary injunction that orders the defendants and MDOC to immediately: (1) place Getter in "protective custody;" (2) reduce his prisoner security level classification from IV to II; (3) transfer Getter out of CCF and place him in a different correctional facility where he can be housed with security level II prisoners; and (4) expunge the prisoner misconduct tickets from his MDOC record.

This case was referred to Magistrate Judge Greeley for initial review. On January 9, 2013, Magistrate Judge Greeley submitted his report and recommendation that the request for "immediate injunctive relief" be denied. [Court Doc. 8]. Magistrate Judge Greeley correctly finds that the motion lacks merit under Rule 65 because Getter fails to meet his burden of showing that: (1) there is a strong likelihood of success on the merits of his complaint; and (2) he will suffer irreparable harm if his request for a temporary restraining order and preliminary injunction is not granted.

Plaintiff Getter has filed objections to the Magistrate Judge's report and recommendation. After reviewing the entire record *de novo*, the Court concludes that the objections [Court Doc. 10]

are without merit and must be denied. The Court accepts and adopts the report and recommendation.

The Court in its discretion may issue a temporary restraining order and/or a preliminary injunction pursuant to Fed. R. Civ. P. 65. The purpose of a preliminary injunction is to maintain the status quo or preserve the relative positions of the parties until a trial on the merits can be held. *University of Texas v. Camensich,* 451 U.S. 390, 395 (1981); *Tri-County Wholesale Distributors, Inc. v. Wine Group, Inc.*, 2012 WL 2478357, * 3 (6th Cir. June 29, 2012); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

One glaring problem in the present case is that plaintiff Getter does not seek preliminary injunctive relief under Rule 65 to merely maintain the status quo or preserve the relative positions of the parties until a trial on the merits can be held. Instead, Getter wants the Court to immediately decide this case in his favor on the merits and grant the relief demanded in his complaint by way of a preliminary injunction without any discovery of the facts, and without the defendants having a fair and reasonable opportunity to present their defenses and arguments in opposition. For this reason alone, Getter's motion for "immediate injunctive relief" must be denied.

The Court is required to balance four factors under Rule 65: (1) whether plaintiff Getter has demonstrated a strong likelihood of success on the merits of his complaint; (2) whether he would suffer irreparable harm without the issuance of immediate injunctive relief; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of a preliminary injunction. *Certified Restoration*, 511 F.3d at 542; *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005); *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 476 (6th Cir. 2003).

The first factor to consider is whether plaintiff Getter has demonstrated a strong likelihood

of success on the merits of his complaint. At this stage, Getter is not required to prove his case in full. However, he must show more than the mere possibility of success. *Certified Restoration*, 511 F.3d at 543.

The second factor is whether Getter has established that he would suffer irreparable harm without preliminary injunctive relief. Such harm must be likely, not just possible. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 22 (2008); *Tri-County Wholesale*, 2012 WL 2478357, at * 5. A plaintiff's harm is irreparable if it is not fully compensable by monetary damages. *Id.; Certified Restoration*, 511 F.3d at 550; *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6th Cir. 2002).

The Court agrees with the report and recommendation. Getter has not met his burden of showing that there is a strong likelihood of success on the merits of his complaint brought under 42 U.S.C. § 1983. At most, Getter merely shows that there is a possibility of success which is insufficient. Getter also fails to show that he will suffer irreparable harm if his request for an immediate injunction is not granted. Based on the meager allegations of fact presented by Getter, the Court is not persuaded that he is genuinely in imminent danger of substantial harm or injury at CCF. Getter's vague, conclusory allegations about being in general danger from other inmates at CCF are insufficient to establish that he is entitled to a temporary restraining order and preliminary injunction under Fed. R. Civ. P. 65.

Moreover, the Court also takes into consideration that prisoners have no inherent right under the United States Constitution to be housed in a particular prison facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). In the absence of some extraordinary or compelling reason, this Court denies

motions by state prisoners to be transferred to different correctional facilities. There is no extraordinary or compelling reason that warrants the issuance of a preliminary injunction to require MDOC to immediately transfer Getter from CCF to a different correctional facility.

Important state interests are at stake in the prison context such as the maintenance of institutional security, and the preservation of internal order and discipline. The Court is required to follow a policy of judicial restraint and show due deference to MDOC's decisions concerning its administration and management of the Michigan prison system including the housing, security, and discipline of prisoners at CCF. *Procunier v. Martinez*, 416 U.S. 396, 404-05(1974); *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3(6th Cir. 1984); *Gresham v. Granholm*, 2012 WL 3126781, * 4 (W.D. Mich. July 31, 2012); *see also Rhodes v. Chapman*, 452 U.S. 337, 351 n. 16 (1981); *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Accordingly, plaintiff Getter's objections to the report and recommendation [Court Doc. 10] are DENIED. The Court accepts and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Plaintiff Getter's motion for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65 is DENIED.

SO ORDERED.

Date: February 7, 2013.

                                /s/ R. Allan Edgar
                               R. ALLAN EDGAR
                        UNITED STATES DISTRICT JUDGE